IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE DETROIT LIONS, INC. and NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL,<br><br>    Plaintiffs/Petitioners,<br><br>-against-<br><br>CHARLES ROGERS and NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION,<br><br>    Defendants/Respondents. | Civil Action No. |

## CIVIL ACTION COMPLAINT

This is an action to confirm an arbitration award pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.*

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and 29 U.S.C. § 185(c).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 185(a).

### PARTIES

3. The Detroit Lions, Inc. ("Lions") is one of the member clubs of the National Football League ("NFL") with its principal place of business in Allen Park, Michigan.

4.  The National Football League Management Council ("NFL Management Council") is the sole and exclusive bargaining representative of present and future employer member clubs of the NFL.

5.  Charles Rogers ("Rogers") is a professional football player who was employed by the Lions in Allen Park, Michigan and Detroit, Michigan at all times relevant to this action. His employment contract with the Lions contained a choice of law provision that stated the contract was made under and governed by the laws of the state of Michigan.

6.  The National Football League Players Association ("NFLPA") is a labor organization certified by the National Labor Relations Board as the exclusive bargaining representative of all NFL players. The NFLPA regularly represents players employed in the Eastern District of Michigan, and some of its members reside in this judicial district.

**FACTS**

7.  The parties are bound by a Collective Bargaining Agreement ("CBA") negotiated between the NFL Management Council (on behalf of the NFL member clubs, including the Lions) and the NFLPA (on behalf of all NFL players, including Rogers). Relevant portions of the CBA are attached hereto as Exhibit A.

8.  All NFL Players must enter into an NFL Player Contract, which is incorporated in and governed by Article XIV and Appendix C of the NFL CBA. *See* Ex. A at 39-44; 231-39.

9.  The NFL CBA contains an arbitration provision that mandates that all disputes between the parties involving the interpretation of, application of, or compliance

with the NFL CBA and the NFL Player Contract be submitted to final and binding arbitration before a mutually selected arbitrator. See Ex. A, Art. IX, §§ 1, 6, & 8.

10. In accordance with the CBA, on July 24, 2003, the Lions and Rogers entered into an NFL Player Contract setting forth the terms of Rogers' employment. The contract included a Signing Bonus Addendum, which required Rogers to return any unearned portions of his signing bonus in the event he was suspended for violating the NFL Policy and Program for Substances of Abuse.

11. On October 5, 2005, Rogers was suspended for four games for violating the NFL Policy and Program for Substances of Abuse.

11. On November 9, 2005, the Lions and the NFL Management Council filed a grievance against Rogers pursuant to Article IX of the CBA. See Ex. A at 22-26

12. In accordance with the Signing Bonus Addendum in his Player Contract, the grievance sought the return of $6,194,117 in signing bonus payments unearned as of the time of Rogers' suspension.

13. The NFLPA, on behalf of Rogers, and the Management Council, on behalf of the Lions, submitted briefs in support of their positions to NFL Arbitrator Shyam Das ("Arbitrator Das"). All parties were represented by counsel.

14. On September 23, 2008, Arbitrator Das issued a written final award ("Award"), which is attached hereto as Exhibit B.

15. In relevant part, the Award states as follows: "The Detroit Lions' grievance against Charles Rogers is sustained. Rogers shall forthwith repay the Lions the total sum of $6,194,117." Ex. B at 9.

Detroit_951940_1

16. Under Article IX, Section 8 of the CBA, the Award constitutes the "full, final and complete disposition of the grievance, and will be binding upon the player(s) and Club(s) involved and the parties to this Agreement . . . ." Ex. A at 25.

17. To date, Rogers has failed to repay the sum of $6,194,117 to the Lions in accordance with the Award.

18. Rogers has not sought to vacate, modify, or challenge the Award. The statutory time period within which Rogers would have been permitted to vacate, modify, or challenge the Award has expired.

19. Rogers' failure to pay the Lions $6,194,117 in accordance with the Award has violated the collectively bargained-for grievance and arbitration procedures set forth in the NFL CBA.

20. Plaintiffs/Petitioners are entitled to confirmation of the Award and entry of judgment in conformity with the Award pursuant to the Labor Management Relations Act, 29 U.S.C. § 185.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs/Petitioners, the Detroit Lions, Inc. and the National Football League Management Council, respectfully request that this Court enter an Order:

a) confirming the Award;

b) entering judgment in favor of Plaintiffs/Petitioners against Defendants/Respondents for the sum of $6,194,117, plus interest from the date of entry of the Award;

c) providing Plaintiffs/Petitioners with such other and further relief as the Court deems proper.

Dated: September 9, 2009

Respectfully submitted,

BODMAN LLP

By: /S/ Thomas P. Bruetsch
     Thomas P. Bruetsch (P57473)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, MI 48226
(313) 259-7777
tbruetsch@bodmanllp.com

*Attorneys for Plaintiffs/Petitioners Detroit Lions, Inc. and National Football League Management Council*